UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARTIN LEE FOSTER,

    Plaintiff,

v.

SGT. SMOLICH, et al.,[1]

    Defendants.

No. 2:19-cv-2333-EFB P

ORDER

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[2] His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 4. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint must be dismissed with leave to amend.

---

[1] The Clerk of Court is directed to modify the docket for this action to reflect the above caption.

[2] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Plaintiff attempts to assert claims based on four events that occurred while he was incarcerated in the Sacramento County Jail: two unrelated strip searches (occurring on March 28, 2018 and September 6, 2019), an October 2, 2019 housing decision, and an October 12, 2019 interaction with a female correctional deputy. ECF No. 1.

In asserting unrelated claims against different defendants, plaintiff has failed to comply with Federal Rule of Civil Procedure 20(a)(2). Under that rule, multiple defendants may be joined in a single action only where a claim asserted against the defendants arose "out of the same transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[u]nrelated claims

against different defendants belong in different suits"). Simply put, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id*. "Unrelated claims against different defendants belong in different suits[.]" *Id*.

Accordingly, if plaintiff wishes to continue this litigation he must file an amended complaint, containing only claims that are related under Federal Rules of Civil Procedure 18-20. If plaintiff wishes to pursue unrelated claims, he must do so in separate actions (e.g., pursue one claim in this action and file a new lawsuit to pursue the second, unrelated claim).

Plaintiff may file an amended complaint to attempt to cure the deficiencies noted above. Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 4) is granted.

/////

3

2. Plaintiff's complaint is dismissed with leave to amend. If he wishes to proceed with this action, plaintiff must file an amended complaint within 30 days from the date of service of this order addressing the deficiencies noted above.

3. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: April 7, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE